# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, as Receiver for CARDINAL GROWTH, L.P., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH McINERNEY, <br><br> Defendant. | Case No. 16 cv 7099 <br><br> Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Defendant Joseph McInerney filed an Answer, asserting seventeen affirmative defenses, alleges twelve counterclaims against the employees of plaintiff U.S. Small Business Administration, and three counterclaims against Charles Fulford [17]. Plaintiff U.S. Small Business Administration, as Receiver ("Receiver") for Cardinal Growth, L.P. ("Cardinal Growth") moves to strike McInerney's affirmative defenses and to dismiss his counterclaims [19]. For the reasons stated herein, the motion is granted in part and denied in part.

**Background**

The U.S. Small Business Administration ("SBA") runs the Small Business Investment Company ("SBIC") program. Under this program the SBA licenses and invests in SBICs. The SBIC then invests in small businesses. There are a couple of different versions of the SBIC program. The Debenture program, through which the SBA provides long term loans to SBICs, and the Participating Securities program, which is the relevant one here. The SBA created the Participating Securities program in the 1990s and is in the process of phasing it out. Under this program, SBICs would issue certain securities to the SBA that entitled the SBA to payments to the extent that the underlying small business earned money. The SBA would pool these securities and sell them in the

1

public capital markets through an investment trust. The SBA then guaranteed the trusts' payment of principal and interest.

The SBA licensed Cardinal Growth as an SBIC. Cardinal Growth LLC ("CGLLC") was the general partner of Cardinal Growth. CGLLC was managed by Cardinal Growth Corporation ("CGC"). Although McInerney denies the allegation, the Receiver alleges that McInerney was one of the original principals of Cardinal Growth who sought and obtained licensure of Cardinal Growth as an SBIC. (Def.'s Ans., Dkt. 17 at ¶ 8).

In an action before Chief Judge Castillo, Cardinal Growth was eventually put into receivership through a Consent Order of Receivership entered on June 16, 2011, with the SBA appointed as the Receiver. *United States of America v. Cardinal Growth, L.P.,* No. 11-cv-04071. The Consent Order of Receivership stayed all actions and proceedings involving Cardinal Growth, its assets, and partners. (*Id.* at Dkt. 6 at ¶ 7). On June 30, 2016, Chief Judge Castillo granted the Receiver's motion to lift the stay "for the limited purpose of permitting the Receiver to pursue its rights and remedies by the commencement of litigation in this Court against Joseph McInerney for the balance of his unfunded capital commitment pursuant to the Limited Partnership Agreement." (*Id.* at Dkt. 107). This Court takes judicial notice of these orders.

The Receiver filed the complaint in the instant case on July 8, 2016, alleging in Count I that McInerney breached the Cardinal Growth Limited Partnership Agreement by failing to contribute certain capital commitments, totaling $245,000. In Count II, the Receiver alleges McInerney failed to pay the General Partner's capital commitment. The Receiver alleges that McInerney personally obligated himself to pay $42,500 of the General Partner's capital commitment.

McInerney filed an Answer denying the allegations in the complaint and asserting seventeen affirmative defenses: (1) statute of limitations; (2) laches; (3) invalid contract; (4) failure to mitigate damages; (5) unjust enrichment; (6) prevention of performance; (7) right of rescission; (8) fraud,

2

deceit, and misrepresentation; (9) failure of condition precedent; (10) right to offset; (11) no damage to plaintiff; (12) unclean hands; (13) bad faith dealings; (14) duress and undue influence; (15) frustration of purpose; (16) no regulatory violation; (17) additional defenses. McInerney also alleges the following counterclaims against plaintiff and certain employees: (1) bad faith and unclean hands; (2) conspiracy to destroy McInerney's reputation and assets; (3) unlawfully repossessing McInerney's assets; (4) committing fraud by not disclosing defects of or fixing the Participating Securities Program; (5) defamation; (6) future unknown claims; (7) tortious interference; (8) intentional infliction of emotional distress; (9) conversion; (10) breach of contract; (11) abuse of legal process and authority; and (12) gross negligence. McInerney further alleges the following counterclaims against Charles Fulford, the Receiver's principal agent: (1) gross mismanagement of assets; (2) colluding and conspiring with certain individuals to destroy McInerney's assets and reputation; and (3) failure to mitigate losses.

**Legal Standard**

Affirmative defenses are pleadings and, as such, are subject to all the same pleading requirements applicable to complaints. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir.1989). Thus, affirmative defenses must set forth a "short and plain statement" of the basis for the defense. Fed.R.Civ.P. 8(a); *Heller,* 883 F.2d at 1294. Federal Rule of Civil Procedure 12(f) governs motions to strike affirmative defenses. Rule 12(f) permits a district court to "order stricken from any pleading any insufficient defense or any redundant ... matter." Fed. R. Civ. P. 12(f); *Riemer v. Chase Bank, N.A.*, 275 F.R.D. 492, 493 (N.D. Ill. 2011) (Cole, J.). "A court enjoys substantial discretion under Rule 12(f). That discretion, however, must take note of the overarching principle that striking a defense is a 'drastic remedy,' which is disfavored and seldom granted." *Reimer,* 275 F.R.D. at 494 (citing *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.,* 744 F.2d 935, 939 (2nd Cir.1984), *rev'd on other grounds,* 478 U.S. 1015, 106 S.Ct. 3324, 92 L.Ed.2d 731 (1986)).

3

A motion to dismiss brought pursuant to Rule 12(b)(6) challenges the legal sufficiency of the pleading. Rule 8(a) applies to most claims and requires a short and plain statement of the claim upon which relief can be granted. To survive dismissal, the counterclaims must state a facially plausible claim that puts the defending party, the Receiver, on notice of the basis of the claims against it. *See Swanson v. Citibank, N.A.,* 614 F.3d 400, 403–404 (7th Cir.2010). The Seventh Circuit has explained that "plausibility" means, that "the plaintiff [or counterplaintiff] must give enough details about the subject-matter of the case to present a story that holds together. In other words, the court will ask itself *could* these things have happened, not *did* they happen." *Id.* at 404 (emphasis in original). In determining the sufficiency of a counterclaim, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 555 (7th Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

Rule 9(b) requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This "ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (quoting *Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. Walgreen Co.,* 631 F.3d 436, 441–42 (7th Cir.2011)). "A claim that 'sounds in fraud'—in other words, one that is premised upon a course of fraudulent conduct—can implicate Rule 9(b)'s heightened pleading requirements." *Borsellino v. Goldman Sachs Grp., Inc.*, 477 F.3d 502, 507 (7th Cir. 2007).

**Discussion**

As an initial matter, the Court notes that McInerney filed a thirty-two page response in opposition to the Receiver's motion to strike affirmative defenses and to dismiss counterclaims. The

4

docket does not show that McInerney sought and was granted leave to file an oversized brief. Local Rule 7.1 stipulates that briefs exceeding fifteen pages in length without prior leave of court may be stricken. The Court could strike the brief as a violation of the local rules. Since briefing of this motion occurred prior to reassignment, the Court will allow the oversized brief in this instance. The Court admonishes defendant that for all future filings, leave of court must be sought for any brief exceeding fifteen pages.

*1. Motion to Strike Affirmative Defenses:*

As noted above, McInerney raises seventeen affirmative defenses. The Receiver moves to strike all of the defenses. The Court will address each in turn.

First, McInerney asserts that the statute of limitations bars the Receiver's claims. McInerney contends that the five-year statute of limitations for actions to enforce civil fines, penalties, or forfeiture pursuant to 28 U.S.C. §2462. *See Gabelli v. SEC,* 133 S. Ct. 1216 (2013). According to McInerney's calculations he was served with the complaint in this matter five years and 41 days from the entry of the Consent Order of Receivership.

The Receiver moves to strike this defense, arguing that the ten-year statute of limitations under Illinois law for breach of contract applies pursuant to 735 ILCS 5/13-206. The Consent Order of Receivership was entered on June 16, 2011, and the Receiver contends the earliest date the breach of contract could have accrued is October 14, 2011. Therefore, according to the Receiver, the July 8, 2016, complaint in this matter was well within the Illinois statute of limitations for breach of contract claims. The Receiver further argues that even if the five-year statute of limitations did apply in this case, it would be tolled by the stay in the Consent Order of Receivership until the stay was lifted. 735 ILCS 5/13-216 (expressly tolling statutes of limitations where an action is stayed by order of the court).

5

This Court finds that the statute of limitations under 28 U.S.C. §2462 does not apply to this contract action. The Court also finds that McInerney's arguments regarding the validity of the Consent Order of Receivership lack sufficient factual basis and challenges to that order must be brought before Judge Castillo because this Court lacks the power to review a collateral attack on an order entered in another district court case.

Although this Court expresses no opinion on the merits of the defense, an issue with regard to the statute of limitations may exist that neither party addresses. The Limited Partnership Agreement at issue in this case contains a choice-of-law provision, which states: "This Agreement is governed by, and construed in accordance with, applicable Federal laws and the laws of the State of Delaware." Dkt. 1-3, Ex. 3, Limited Partnership Agreement, Section 10.09. "Choice of law clauses are common and when reasonable are enforced." *Kuehn v. Childrens Hosp., Los Angeles*, 119 F.3d 1296, 1301 (7th Cir. 1997) (collecting cases). Under Delaware law, the statute of limitations for breach of contract is three years. Del. Code Ann. tit. 10, § 8106 (West); *Lehman Bros. Holdings v. Universal Am. Mortg. Co., LLC,* 660 F.App'x 554, 564 (10th Cir. 2016). Under Delaware law, courts will allow tolling of the statute of limitations if an action of the court prevents the exercise of a legal remedy and the plaintiff has acted with due diligence. *Wilson v. King,* 673 A.2d 1228, 1232 (Del. 1996). This Court strikes this defense without prejudice because McInerney fails to plead the appropriate basis for a statute of limitations bar.

Next, McInerney raises the defense of laches, asserting that the Receiver waited an unreasonably long time to file the complaint. McInerney contends that his is prejudiced by the Receiver having "seized" the assets and records of Cardinal Growth. The defense as pled is speculative and conclusory. The Court strikes the defense.

McInerney's third defense regarding the invalidity of the contract is also insufficient. The defense as pled sounds in fraud and therefore must be pled with particularity. This Court therefore strikes the defense.

The fourth defense is that the Receiver has failed to mitigate damages. McInerney alleges that the Receiver should have mitigated damages resulting from the receivership by, for example, providing corporate development services. Yet, the role of the receivership is to liquidate Cardinal Growth's assets, not provide development services. Moreover, McInerney has not alleged the basis for the Receiver having duty to mitigate damages stemming from McInerney's alleged breach of the contract at issue. *See VICI Racing, LLC v. T-Mobile USA, Inc.*, 763 F.3d 273, 301 (3d Cir. 2014) (discussing the affirmative defense of failure to mitigate under Delaware law). The defense is also insufficient under Illinois law because "whether a real opportunity to mitigate damages existed is speculative." *Toushin v. Gonsky*, 77 Ill. App. 3d 508, 517, 395 N.E.2d 1124, 1131 (1979). This defense is therefore stricken.

McInerney's fifth defense of unjust enrichment must also be stricken. McInerney asserts that "SBA" did not suffer a monetary loss and therefore it would be unjustly enriched if allowed to recover for him. "SBA" is plaintiff only as Receiver for Cardinal Growth and therefore is not retaining any benefit in the event of any award of monetary relief because the funds would go to the receivership estate. This defense is stricken.

McInerney's sixth defense asserts that plaintiff prevented McInerney from performing under the contract by shutting down the SBIC Participating Securities program and repossessing Cardinal Growth's assets. The Receiver moves to strike based on McInerney's failure to allege any facts to show that the Receiver's actions prevented McInerney from paying his capital commitment under the LPA. McInerney's only response to this argument is that he is "perplexed." This Court finds the defense insufficiently pled.

7

McInerney's seventh defense claims a right of rescission. He asserts that every investor in the SBIC Participating Securities program has a right of rescission and the return of all capital invested in the program. McInerney does not identify which contract he is claiming a right to rescind nor does he state what defects he is alleging in the SBIC program that now grant him such a right. This Court strikes this defense.

McInerney's eighth defense asserts fraud, deceit, and misrepresentation. This defense lacks the requisite specificity under Rule 9(b) and must be stricken.

McInereny's ninth defense claims that any obligation he had was conditioned upon the Receiver performing certain acts such as providing the agreement upon funding amounts and continuance of the SBIC Participating Securities program. McInerney provides no basis for this assertion. He does not identify which agreement or which provision contains these conditions. The Consent Order of Receivership simply states that a person owing an obligation with respect to a partnership interest to Cardinal Growth, shall pay all such obligations in accordance with the terms thereof. This Court could find no conditions precedent to the payment of capital commitments by partners to the LPA within the terms of the agreement. This defense is stricken.

McInerney's next defense is a right of offset, which he claims from investment banking receivables seized when the Receiver took over Cardinal Growth's assets. The Receiver contends that the LPA provides for no right of offset in favor of any limited partner or general partner as a consequence of any counterclaim against SBA. Certainly, to the extent that McInerney is claiming offset from a claim against the SBA, section 5.06 of the LPA appears to expressly disclaim any right of offset. However, this Court declines to strike this defense because McInerney asserts the defense against plaintiff, which is the Receiver. To the extent that the receivership holds assets to which McInerney claims to be entitled, this is a valid defense.

8

McInerney's eleventh affirmative defense, asserting that the plaintiff has not shown proof of actual loss, is merely a denial of the Receiver's claim for contract damages. An affirmative defense that merely denies the allegations of the complaint is not only unnecessary but also improper and will be stricken. *See, e.g., Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 906 (N.D. Ill. 2006).

McInerney's defenses of unclean hands and bad faith dealings are both directed at SBA as a regulator and do not relate to actions taken by the Receiver. Accordingly, this Court strikes both defenses.

Duress and undue influence are McInerney's fourteenth affirmative defense, which alleges only that the plaintiff "as an agency of the U.S. Government, exercised undue influence." This defense is insufficiently stated and appears to relate to the SBA as regulator and avers no action taken by the Receiver. Thus, this Court strikes the defense.

McInerney's fifteenth affirmative defense is based on frustration of purpose. He claims that SBA prevented him from performing his contractual obligation by seizing Cardinal Growth's assets. The Court strikes this defense because, as pled, it lacks sufficient factual basis to meet the plausibility standard. In other words, the defense does not allege how the SBA's seizure of Cardinal Growth's assets prevented McInerney from funding his capital commitment under the LPA.

Next, McInerney asserts that "the plaintiff does not have the right to draw down 'unfunded' commitments because no regulatory violation occurred." Under the LPA, no regulatory violation is required for partners to have to fund their capital commitments nor is any violation required in a breach of contract action. Moreover, the Consent Order of Receivership adjudicated the violation. For these reasons, this Court strikes the defense. McInerney may only reassert this defense if the Receiver asserts a claim that puts the fact of a regulatory violation at issue.

McInerney's seventeenth affirmative defense is no defense at all, but merely an attempt to preserve other defenses not alleged. This is improper pleading and is stricken.

*2. Motion to Dismiss Counterclaims:*

The Receiver moves to dismiss all counterclaims because they fail to state a claim upon which relief can be granted and improperly attempt to attack the Consent Order of Receivership in the cause of action before Judge Castillo. McInerney alleges that the Receiver and certain employees acted in bad faith, have unclean hands, conspired with certain individuals to destroy the plaintiff's assets and reputation, unlawfully repossessed certain assets of the plaintiff, defrauded the defendant and every other stakeholder in the SBIC program by not properly disclosing or correcting defects in their investment program, defamation of defendant's character, future unknown claims that may become known during the discovery process, tortious interference of contracts and business operations, intentional infliction of emotional distress on the plaintiff, improper conversion of defendant's assets, breach of confidence, abuse of legal process and authority, and gross negligence in the operation of the program and liquidation process.

McInerney's counterclaims seem to confuse plaintiff and defendant thereby making it difficult for the Court to discern to which person or entity he is referring. This alone renders the pleading insufficient under Rule 8(a). Moreover, "merely stringing together a long list of legal defenses is insufficient to satisfy Rule 8(a)." *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907. That is how McInerney has pled his counterclaims. Dkt. 17 at 23-24. McInerney's claims of bad faith and unclean hands fail for the additional reason that they are equitable defenses that must be pled with reference to the legal elements and some factual basis. *See Id.* (citing *State Farm Mut. Auto. Ins. Co. v. Riley,* 199 F.R.D. 276, 279 (N.D.Ill. 2001)). The fraud claim lacks the specificity required by Rule 9(b) to state a claim. Fed. R. Civ. P. 9(b). A party may not plead unknown claims, but must seek leave to

amend his counterclaims if discovery reveals a basis for additional claims. *Reis Robotics USA, Inc.*, 462 F. Supp. 2d at 907.

Furthermore, to the extent that the counterclaims are raised against SBA as an agency, this Court must dismiss the claims because the agency is not a party. SBA is only a party as the Receiver for Cardinal Growth. The Federal Tort Claims Act, 28 U.S.C. §§ 2679(b), provides the exclusive procedure for asserting torts against a government employee while acting within the scope of his office or employment and may preclude the tort claims here. *See Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2012).

McInerney also asserts counterclaims against Charles Fulford, the principal agent for the Receiver, including gross management, collusion and conspiracy with other individuals to destroy the plaintiff's assets and reputation, and a failure to mitigate losses. To the extent that McInerney is attempting to assert claims challenging the receivership and the Consent Order of Receivership, those claims should have been brought in 1:11-cv-04071, *United States of America v. Cardinal Growth, L.P.*, that established the receivership. In that case, Judge Castillo entered an "Order Approving the Form and Manner of Notice to Claimants and Establishing a Claims Bar Date" (No. 1:11-cv-04071, Dkt. 64, July 3, 2012). This order established the procedures and timing for any claims against the receivership estate or Cardinal Growth. Notably, McInerney filed bar date claims against Cardinal. (*see* No. 1:11-cv-04071, Dkt. 97). McInerney may not reassert any of those claims in this case and any claims that he failed to raise in the receivership action prior to the bar date are untimely and improperly before this Court. *See Kim v. Sara Lee Bakery Group, Inc.*, 412 F.Supp.2d 929, 941-42 (N.D. Ill. 2006). The proper avenue for McInerney to challenge any adverse order in the receivership case would be an appeal. The Court therefore dismisses the counterclaims against Fulford.

**Conclusion**

For the reasons stated herein the Court grants in part and denies in part the Receiver's motion to strike affirmative defenses and dismiss all counterclaims [19].

1. The Receiver's motion to strike is denied as to McInerney's affirmative defense (10).

2. The Receiver's motion to strike is granted with prejudice as to affirmative defenses (5), (7), (9), (11), (12), (13), and (17).

3. The Receiver's motion to strike is granted without prejudice as to affirmative defenses (1), (2), (3), (4), (6), (8), (14), (15), and (16).

5. The Receiver's motion to dismiss counterclaims is granted without prejudice to all counterclaims, except where prohibited under the law as set forth in this Order.

IT IS SO ORDERED.

ENTERED:

Dated: May 3, 2017

SHARON JOHNSON COLEMAN
United States District Judge