# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| U.S. SMALL BUSINESS ADMINISTRATION, AS RECEIVER FOR CARDINAL GROWTH, L.P., <br><br> Plaintiff, <br><br> v. <br><br> JOSEPH McINERNEY, <br><br> Defendant. | ) <br> ) <br> ) <br> ) Civil Action No. 1:16-cv-07099 <br> ) <br> ) <br> ) Judge Steven C. Seeger <br> ) <br> ) <br> ) <br> ) |

## AGREED[1] MOTION FOR ENTRY OF AN ORDER OF JUDGMENT

Plaintiff, the U.S. Small Business Administration, as Receiver for Cardinal Growth, L.P. ("the Receiver"), states as follows for its Agreed Motion for Entry of an Order of Judgment:

1. This case is ancillary to the matter captioned *United States of America v. Cardinal Growth, L.P.*, Civil Action No. 1:11-cv-04071 (the "Receivership Case"), pending before the Hon. Gary Feinerman. By order ("the Receivership Order") entered in the Receivership Case on June 16, 2016, the U.S. Small Business Administration was appointed Receiver for Cardinal Growth, L.P., for the purpose of, among other things, pursuing claims and causes of action available to Cardinal Growth, L.P., a Delaware Limited Partnership which, on July 7, 2000, was licensed by SBA as a small business investment company ("SBIC") under the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661, et seq. (the "Act"). A copy of the Receivership Order was filed in this case at Dkt no. 1-1. SBA brought the Receivership Case and sought the Receivership Order because Cardinal Growth was in violation of the Act and its implementing regulations. This Court has subject matter jurisdiction of this action pursuant to

---

[1] Pursuant to the Settlement Agreement described herein and attached hereto as **EXHIBIT A**, the Debtor has agreed to this Motion and to the relief sought herein.

the Receivership Order under 15 U.S.C. § 687c, under the Court's general equitable powers, and under 28 U.S.C. §§ 754 and 1367, since this action is ancillary to the Receivership Case.

2. Joseph McInerney is one of the original principals of Cardinal Growth who sought and obtained licensure of Cardinal Growth as an SBIC. In this case, the Receiver sought to recover, under a theory of breach of contract, monetary amounts which the Receiver claims are due from McInerney to the Receivership Estate of Cardinal Growth for capital commitments which were made by McInerney under the Cardinal Growth Limited Partnership Agreement, in connection with his limited partnership and general partnership interests in Cardinal Growth. The Receiver seeks recovery of $287,500, plus interest, and monetary sanctions previously awarded by Judge Coleman. McInerney asserted numerous affirmative defenses and counterclaims against the Receiver, but pursuant to motion practice under Rule 12, Judge Coleman struck all of McInerney's affirmative defenses and dismissed his counterclaims. (ECF Nos. 57 and 97.)

3. On September 11, 2017, while discovery was ongoing in this case, McInerney filed a voluntary petition under Chapter 7 of the Bankruptcy Code (*In re McInerney*, Case No. 17-27046 (Bankr. N.D. Ill., "the Bankruptcy Case"), resulting in the imposition of an automatic stay of this case under 11 U.S.C. § 362. Based upon the Receiver's evaluation of McInerney's bankruptcy disclosures, the Receiver determined that grounds existed to challenge McInerney's right to a bankruptcy discharge under 11 U.S.C. § 727(a). Accordingly, on February 12, 2018, the Receiver initiated an adversary proceeding, captioned *U.S. Small Business Administration, as Receiver for Cardinal Growth, L.P. v. McInerney*, Case no. 18-00057 (Bankr. N.D. Ill.) ("the

Adversary Proceeding").[2] McInerney opposed the Adversary Proceeding. During the course of the Adversary Proceeding, McInerney made certain additional disclosures and representations concerning his ability to pay the capital commitment which he owes to the Receivership Estate as well as amounts owed as sanctions imposed by Judge Coleman in this case. Although the Receiver believed that McInerney was not entitled to a discharge under 11 U.S.C. § 727, the Receiver determined, based upon McInerney's disclosures and representations and the Receiver's review of the available records in the Bankruptcy Case, that the proposed settlement is fair and reasonable for the Receivership Estate on an inability-to-pay basis. The Receiver therefore determined that it would be in the best interests of the Receivership Estate to enter into the Settlement Agreement, which is attached hereto as **Exhibit A**.

4. Under the terms of the Settlement Agreement, the issues in this case are to be resolved though the entry of an Agreed Order of Judgment, against McInerney and in favor of the Receiver, in the monetary amount of $290,596, which Order of Judgment is also to provide, *inter alia*, as follows: (i) that McInerney's obligations to pay the judgment are subject to the conditions set forth in the Settlement Agreement; (ii) that upon McInerney's satisfaction of the payment obligations described in the Settlement Agreement, all obligations under the Agreed Judgment Order shall be released and satisfied in full; (iii) that the rights of the Receiver and of any successor or assignee of the Receiver's rights under the Agreed Judgment Order are subject to the Settlement Agreement; and (iv) that the Parties will bear their own costs and fees in connection with this case.

---

[2] In that Adversary Proceeding, the Receiver contended that Mr. McInerney: (i) underrepresented and misreported his income in schedules filed with the bankruptcy court and in sworn testimony; (ii) failed to keep and preserve records from which his financial condition could be ascertained; and (iii) made false oaths and false claims in schedules filed with the bankruptcy court.

5.      Before the Settlement Agreement could become effective and before the entry of the Agreed Order of Judgment which the Receiver now seeks, the Settlement Agreement, by its terms, needed the approval of both the Receivership Court and the Bankruptcy Court, which was to dismiss the Adversary Proceeding. Those approvals have all been obtained (**Exhibits B** and **C**), and the Adversary Proceeding has been dismissed (**Exhibit D**), all as contemplated by the Settlement Agreement. Although McInerney has obtained a discharge under 11 U.S.C. § 727 (**Exhibit E**), the obligations at issue in this case were deemed non-dischargeable by the Bankruptcy Court, pursuant to 11 U.S.C. § 523, and were also expressly excluded from the discharge (**Exhibit C**).[3]

6.      Accordingly, pursuant to the parties' Settlement Agreement, the Receiver respectfully requests that this Court enter an Agreed Order of Judgment, in the form of the proposed order which has been submitted separately (pursuant to the procedures specified on the Court's webpage), which will resolve this case in full.

By:  */s/ Arlene P. Messinger*
Arlene P. Messinger
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
(202) 205-6857

By:  */s/ Thomas W. Rigby*
Thomas W. Rigby
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W., Seventh Floor
Washington, D.C. 20416
(202) 619-1610

---

[3] For purposes of clarity, the Bankruptcy Court also lifted the automatic stay as to the claims at issue herein to permit entry of the Agreed Order of Judgment which the Receiver now seeks. (**Exhibit C**, ¶ 3)

By:   */s/ Thomas A. Smith*
     Thomas A. Smith
     SENAK KEEGAN GLEASON
     SMITH & MICHAUD, LTD.
     621 S. Plymouth Court, Suite 100
     Chicago, IL 60605
     (312) 214-1400

     *Attorneys for the U.S. Small Business*
     *Administration, as Receiver for*
     *Cardinal Growth, L.P.*